ACCEPTED
06-14-00026-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/22/2014 9:43:32 PM
DEBBIE AUTREY
CLERK

## No. 06-14-00026-CV

## COURT OF APPEALS
## SIXTH JUDICIAL DISTRICT
## TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/30/2014 10:26:00 AM

DEBBIE AUTREY
Clerk

## ROBERT TROY MCCLURE

*Appellant,*

v.

## THE STATE OF TEXAS *et. al.,*

*Appellees.*

On Appeal from No. 12CO711-102 in the
102nd Judicial District Court of Bowie County, Texas

## APPELLEE'S BRIEF

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for
Defense Litigation
Division

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense
Division

**JOHNATHAN STONE**
Assistant Attorney General
Texas Bar No. 24071779
Law Enforcement Defense
Office of the Attorney General
Post Office Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2080
Facsimile: (512) 495-9139

**ATTORNEYS FOR APPELLEE TDCJ**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................iv

STATEMENT OF THE CASE ........................................................................................ 1

ISSUE PRESENTED.....................................................................................................2

STANDARD OF REVIEW ............................................................................................2

ARGUMENTS AND AUTHORITIES..........................................................................3

    I.    The trial court did not abuse its discretion in determining that Appellant was a vexatious litigant where his claims have no reasonable probability of success. (Appellant's Issue V). ...................................................................3

        A.    Appellant has commenced, prosecuted, or maintained at least five *pro se* suits determined adversely to Appellant over the preceding seven years..................................................................................................4

        B.    There is no reasonable probability that Appellant will prevail in this suit. ...............................................................................................................4

            1.    Sovereign immunity bars Appellant's Texas Tort Claims Act claims against Appellee because there is no waiver of immunity for intentional torts................................................5

            2.    Chapter Fourteen bars Appellant's 42 U.S.C. § 1983 claims against Boles and Langly because he brought the same claims against them in a previous lawsuit...........................7

            3.    Appellant's due process claims against TDCJ Executive Director Livingston have no basis in law..............................9

    II.    The trial court did not abuse its discretion by *sua sponte* quashing Appellant's subpoenas of witnesses to testify at the vexatious litigation hearing when their purported testimony was immaterial to the grounds raised in the vexatious litigant motion. (Appellant's Issue I-II). ..............10

    III.    The trial court did not abuse its discretion in denying Appellant's Motion to Recuse where he offered nothing more than his personal dissatisfaction with the judge's ruling on a motion for continuance. (Appellant's Issues I & IV)..................................................................................................11

IV.    None of Appellant's claims raised for the first time on appeal have a reasonable basis in law.  (Appellant's Issues I-V)..................................... 13

**NOTICE OF ELECTRONIC FILING**.................................................................. 15

**CERTIFICATE OF SERVICE** ......................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

Bell v. Texas Dep't of Crim. Justice - Inst. Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998) ...................................................................................7

BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002). ................3

Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). .....................................................2

Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008)................................5

Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004)...............................................2

City of Waco v. Williams, 209 S.W.3d 216, 222 (Tex. App.–Waco 2006) .......................6

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)................2

Duffey v. State, 428 S.W.3d 319, 325 (Tex. App.—Texarkana 2014, no pet.) ..................11

E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995)...............2

Ex parte Ellis, 275 S.W.3d 109, 117 (Tex. App.—Austin 2008) .................................. 12

Flo Trend Sys. V. All-Mut. Ins., 948 S.W.2d 4, 7 (Tex. App.–Houston [14th Dist] 1997) 13

Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ....................................................9

Harris County v. Cabazos, 177 S.W.3d 105, 111 (Tex. App.–Houston 2005)...................6

Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) ...........................................9

Howell v. Texas Dep't of Criminal Justice, 28 S.W.3d 125, 127-28 (Tex.App.—Texarkana 2000)..........................................................................................................................8

Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex. App.–Fort Worth 2008) .......................5

Liteky v. U.S., 510 U.S. 540, 557-58 (1994) ................................................................ 12

Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007) ..........................................................2

Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex.App.-Tyler 1994)..........................4

Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex.App.-Tyler 1994, no writ). .............4

Pandozy v. Beaty, 254 S.W.3d 613, 619 (Tex. App. 2008)..............................................2

Rogers v. Bradley, 909 S.W.2d 872, 881 (Tex. 1995)................................................... 12

Sun Exploration & Prod. Co. v. Jackson, 783 S.W.2d 202, 206 (Tex. 1989)................... 12

Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 577 & 580 (Tex. 2001).......................5

Vacca v. Farrington, 85 S.W.3d 438, 440 (Tex.App.—Texarkana 2002) ..........................8

Woodruff v. Wright, 51 S.W.3d 727, 736 (Tex. App.—Texarkana 2001) .........................11

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.057 (1997) ................................................5, 6

Tex. Civ. Prac. & Rem. Code § 11.051 (1997). ................................................3

Tex. Civ. Prac. & Rem. Code § 11.052 (1997) ................................................3

Tex. Civ. Prac. & Rem. Code § 11.053 (1997)................................................10

Tex. Civ. Prac. & Rem. Code § 11.054 (2013) ................................................4

Tex. Civ. Prac. & Rem. Code § 11.056 (1997) ................................................3

Tex. Civ. Prac. & Rem. Code § 11.101 (2013) ................................................3

Tex. Civ. Prac. & Rem. Code § 11.102 (2013).................................................3

Tex. Civ. Prac. & Rem. Code § 14.002 (2012) ................................................5

Tex. Civ. Prac. & Rem. Code § 14.003(b)(4) (1995).........................................8

Tex. Civ. Prac. & Rem. Code § 14.004 (1995)................................................7

Tex. Civ. Prac. & Rem. Code. § 14.003(a)(3) (1995) ................................................8

Tex. Gov't Code § 311.034 (2008) ................................................5

Tex. Gov't Code § 501.002 (1995) ................................................9

**Rules**

Tex. R. App. P. 44.1(a) ................................................3

Tex. R. Civ. P. 18(b)(1)-(2)................................................11

Tex. R. Civ. P. 18.................................................2

## STATEMENT OF THE CASE

Appellant Robert Troy McClure is an inmate in the Texas Department of Criminal Justice ("TDCJ"). [C.R. at 6]. He brings this suit *pro se* and *in forma pauperis*. [C.R. at 307]. Appellant sues TDCJ for assault, battery, intentional infliction of emotional distress, negligence, and gross negligence pursuant to the Texas Tort Claims Act. [C.R. at 6].

On February 6, 2013, Appellee filed an Original Answer and a Chapter Fourteen Motion to Dismiss and Chapter Eleven Motion to Declare Plaintiff a Vexatious Litigant. [C.R. at 11-176]. On May 31, 2013, Appellee filed a Plea to the Jurisdiction. [C.R. at 224-29]. Finally, Appellee filed a Supplemental Chapter Fourteen Motion to Dismiss and Chapter Eleven Motion to Declare Plaintiff a Vexatious Litigant on December 16, 2013. [C.R. at 234-53]. The trial court, after notice and a hearing, granted the motion and dismissed Appellant's suit for failure to pay a security deposit. [C.R. at 262-65].

Unbeknownst to Appellee, Appellant responded to Appellee's motions by filing several motions seeking leave to amend his petition. [C.R. at 192-202 and 224-33]. There are no internal records showing that Appellee received copies of these motions and Appellant submitted them without a Certificate of Service. Appellee's Motion for Extension of Time at Exhibit A. Appellant's amended pleadings seek to add 42 U.S.C. § 1983 retaliation and due process claims against TDCJ Executive Director Brad Livingston and Correctional Officers Tyler Boles and Mary Langley. [C.R. at 192-202 and 224-33].

Appellant has been declared a vexatious litigant since the filing of this suit. [C.R. at 213].

1

## ISSUE PRESENTED

**I.** Did the trial court abuse its discretion in determining that Appellant was a vexatious litigant where his claims have no reasonable probability of success? (Appellant's Issue V).

**II.** Did the trial court abuse its discretion by *sua sponte* quashing Appellant's subpoenas of witnesses to testify at the vexatious litigation hearing when their purported testimony was immaterial to the grounds raised in the vexatious litigant motion? (Appellant's Issue I-II).

**III.** Did the trial court abuse its discretion in denying Appellant's Motion to Recuse where he offered nothing more than his personal dissatisfaction with the judge's ruling on a motion for continuance? (Appellant's Issues I & IV).

**IV.** Do any of Appellant's claims raised for the first time on appeal have a reasonable basis in law? (Appellant's Issues I-V).

## STANDARD OF REVIEW

This Court reviews determinations that a person is a vexatious litigant, rulings quashing subpoenas, and recusal decisions under the abuse of discretion standard.[1]

A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable.[2] An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances.[3] Nor does a mere error in judgment rise to an abuse of discretion.[4] It can only find an abuse of discretion if the trial court acts in an arbitrary or capricious manner without reference to any guiding rules or principles.[5] The trial court's decision must be "so arbitrary and

---

[1] Pandozy v. Beaty, 254 S.W.3d 613, 619 (Tex. App. 2008); Tex. R. Civ. P. 18.
[2] Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004).
[3] E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).
[4] Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
[5] Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).

unreasonable as to amount to a clear and prejudicial error of law."[6]  If an abuse of discretion is shown, the Court then considers whether the error was harmless.[7]

## ARGUMENTS AND AUTHORITIES

**I.    The trial court did not abuse its discretion in determining that Appellant was a vexatious litigant where his claims have no reasonable probability of success.  (Appellant's Issue V).**

Chapter Eleven of the Texas Civil Practice and Remedies Code provides that a defendant may move the court for an order designating a plaintiff as vexatious and requiring him to furnish security for the defendant's benefit to proceed with his case.[8] Litigation is stayed pending the disposition of a motion to designate a plaintiff as a vexatious litigant.[9]  If the motion is granted, the plaintiff must provide security for the defendant's benefit by the court ordered date or the case must be dismissed.[10]  The court may also issue, *sua sponte* or on any party's motion, an order prohibiting a person from filing additional *pro se* litigation in Texas unless the person first obtains permission from a local administrative judge.[11]  The administrative judge screens subsequent litigations to ensure that each has merit and was not filed for the purpose of harassment or delay.[12]  The administrative judge has discretion regarding whether to require security for the defendant's benefit.[13]

The triggering event for a trial court to declare a litigant vexatious is the trial court's determination that "there is not a reasonable probability that the plaintiff will

---

[6]  BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002).
[7]  Tex. R. App. P. 44.1(a).
[8]  Tex. Civ. Prac. & Rem. Code § 11.051 (1997).
[9]  Tex. Civ. Prac. & Rem. Code § 11.052 (1997).
[10]  Tex. Civ. Prac. & Rem. Code § 11.056 (1997).
[11]  Tex. Civ. Prac. & Rem. Code § 11.101 (2013).
[12]  Tex. Civ. Prac. & Rem. Code § 11.102 (2013).
[13]  Id.

3

prevail in the [present] litigation against the defendant."[14]  A trial court may declare the litigant vexatious if the court finds that "the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in a small claims court that have been: (A) finally determined adversely to the plaintiff; (B) permitted to remain pending at least two years without having been brought to trial or hearing; or (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure."[15]

### A. Appellant has commenced, prosecuted, or maintained at least five *pro se* suits determined adversely to Appellant over the preceding seven years.

There is no dispute between the parties that Appellant has commenced five *pro se* litigations in the previous seven years that were determined adversely to him.  [C.R. at 13-176].

### B. There is no reasonable probability that Appellant will prevail in this suit.

Trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants.[16]

Chapter Fourteen of the Texas Civil Practice and Remedies Code applies in this case and sets forth the requirements an inmate must satisfy when filing suit in a district

---

[14]  Tex. Civ. Prac. & Rem. Code § 11.054 (2013).
[15]  Id.
[16]  Montana v. Patterson, 894 S.W.2d 812, 814–15 (Tex.App.-Tyler 1994).

4

court.[17] The judgment of the trial court dismissing a suit pursuant to Chapter Fourteen will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence.[18] The Court takes as true the allegations in Appellant's petition and reviews the types of relief and causes of action to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.[19] "A claim has no arguable basis in law if it is an indisputably meritless legal theory."[20]

**1.** **Sovereign immunity bars Appellant's Texas Tort Claims Act claims against Appellee because there is no waiver of immunity for intentional torts.**

Sovereign immunity cannot be waived except by statute or by the Texas Constitution.[21] The Texas Tort Claims Act provides a limited waiver of Sovereign immunity; however, it does not waive immunity for claims "arising out of assault, battery, false imprisonment or any other intentional tort..."[22] In determining whether a plaintiff's claims are barred by immunity, the Court looks to the substance of the claims alleged because governmental immunity cannot be circumvented by artful pleading.[23]

There has been no waiver of sovereign immunity for Appellant's tort claims against Appellee. Appellant brought claims for negligence, gross negligence, collusion, assault, battery and intentional infliction of emotional distress. [C.R. at 5]. His claims arise from his allegations that he was physically assaulted by a TDCJ correctional officer and received a false disciplinary case in retaliation for writing complaints and grievances about the alleged assault. [C.R. at 5]. First, the Texas Tort Claims Act explicitly declines

---

[17] Tex. Civ. Prac. & Rem. Code § 14.002 (2012).
[18] Brewer v. Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008).
[19] Leachman v. Dretke, 261 S.W.3d 297, 304 (Tex. App.–Fort Worth 2008).
[20] Id.
[21] Tex. Gov't Code § 311.034 (2008).
[22] Tex. Civ. Prac. & Rem. Code § 101.057 (1997)
[23] Tex. Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 577 & 580 (Tex. 2001).

5

to waive immunity for assault and battery claims.[24]   Second, Appellant's intentional infliction of emotional distress and "collusion" claims are barred because they are all intentional torts.[25]   Third, the Texas Tort Claims Act does not waive immunity for Appellant's negligence and gross negligence claims because they arise out of an alleged assault and battery.[26]   Accordingly, this Court should conclude that the trial court did not abuse its discretion in finding that there is no reasonable probability that Appellant will succeed in this litigation where his claims are barred by sovereign immunity.

The Texas Tort Claims Act does not waive sovereign immunity for Appellant's negligence claims because the alleged injuries do not arise from the operation or use of a motor-vehicle.  Texas waives immunity for claims involving "property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and..."[27]  Here, there is no allegation that Appellant's injuries were caused by the operation of a motor-driven vehicle.

Similarly, Appellant cannot show a waiver of immunity for "reckless assault" tort claims.   The Tenth Circuit considered and rejected Appellant's line of argument regarding "reckless assault."[28]  It concluded that a plain reading of the statute shows that there is no distinction between intentional, reckless, negligent, or any other kind of

---

[24]   Tex. Civ. Prac. & Rem. Code § 101.057 (1997).
[25]   Id.
[26]   City of Waco v. Williams, 209 S.W.3d 216, 222 (Tex. App.–Waco 2006) ("If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA.") (quoting Harris County v. Cabazos, 177 S.W.3d 105, 111 (Tex. App.–Houston 2005).
[27]   Tex. Civ. Prac. & Rem. Code § 101.021 (1985).
[28]   City of Waco v. Williams, 209 S.W.3d 216 (Tex. App. 2006).

6

assault.[29] All forms of hyphenated assaults can be said to "arise" from assault.[30] An assault is an assault is an assault. This Court should reach the same conclusion as the Tenth Circuit and find that the Texas Tort Claims Act does not waive immunity for "reckless assaults."[31]

> **2.    Chapter Fourteen bars Appellant's 42 U.S.C. § 1983 claims against Boles and Langly because he brought the same claims against them in a previous lawsuit.**

Chapter Fourteen controls the flood of frivolous and duplicative litigation by requiring inmates to identify, by signed affidavit, each *pro se* suit (other than those under the Family Code) previously brought by the inmate.[32] The affidavit must provide the operative facts for which relief was sought, list the case name, cause number, and the court in which the suit was brought, identify each party named in the suit, and state the result.[33] If any suits were dismissed as frivolous or malicious, the inmate must state the date of the final order affirming the dismissal.[34] "[W]hen an inmate does not comply with the affidavit requirements of § 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate and, therefore, frivolous."[35] Chapter Fourteen provides that the trial court may dismiss a claim if the "claim is substantially similar to a previous claim filed by the inmate because the

---

[29]  Id.

[30]  Id.

[31]  Moreover, Appellant's reliance on Karnes City v. Kendall as establishing a waiver of immunity for "reckless assaults" is misplaced. 172 S.W.3d 624, 629 (Tex. App. 2005). Kendall involved a couple who claimed that a city manhole located on their property overflowed during periods of heavy rain, causing raw sewage to be discharged onto their property. Id. The Fourth Circuit held that a finding of gross negligence does not supply the requisite intent to sustain liability of a governmental entity for a constitutional takings claim under Tex. Const. art. I, § 17. Id. The Kendall court did not hold that the Texas Tort Claims Act waives governmental immunity for "reckless assault" cases.

[32]  Tex. Civ. Prac. & Rem. Code § 14.004 (1995).

[33]  Id.

[34]  Id.

[35]  Bell v. Texas Dep't of Crim. Justice - Inst. Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998).

7

claim arises from the same operative facts."[36] The analysis of dismissal of a claim under § 14.003(b)(4) "is the same as that applied to determine whether a claim is precluded from assertion by *res judicata*."[37] A dismissal pursuant to § 14.003(b)(4) does not require a final judgment or determination of the previous claims.[38]

Additionally, Chapter Fourteen provides an independent statutory basis for dismissal of a claim "if the court finds that the inmate filed an affidavit or unsworn declaration required by the chapter that the inmate knew was false."[39]

Appellant previously brought the same claims arising from the same facts against the same Defendants in a previous suit. [C.R. at 238-52]. On December 9, 2011, Appellant filed a 42 U.S.C. § 1983 lawsuit against Boles and Langly for claims arising from the same operative facts involved in the present litigation. [C.R. at 239]. The Federal court dismissed his suit with prejudice unless, and until, he refiled the lawsuit without seeking *in forma pauperis* status and paid the $350 filing fee. [C.R. at 252]. Appellant is indigent. [C.R. at 307-08]. Moreover, undersigned counsel has learned that Appellant brought the same claims against Boles in a *separate* suit that he failed to disclose to the trial court. [Attachment A]. The district court dismissed his claims against Boles for failure to exhaust his administrative remedies and further concluded that he perjured himself before the court. [Attachment A]. The decision was affirmed by the Fifth Circuit Court of Appeals. [Attachment A]. This Court should conclude that Appellant's claims against Boles and Langly are barred as a matter of law by Chapter Fourteen because he brought the same claims arising from the same operative facts against them in a previous suit.

---

[36] Tex. Civ. Prac. & Rem. Code § 14.003(b)(4) (1995).
[37] Howell v. Texas Dep't of Criminal Justice, 28 S.W.3d 125, 127-28 (Tex.App.—Texarkana 2000).
[38] Vacca v. Farrington, 85 S.W.3d 438, 440 (Tex.App.—Texarkana 2002).
[39] Tex. Civ. Prac. & Rem. Code. § 14.003(a)(3) (1995).

### 3. Appellant's due process claims against TDCJ Executive Director Livingston have no basis in law.

State law and TDCJ policy mandate that all staff assaults must be forwarded to the Office of the Inspector General ("OIG").[40] The failure to follow a procedure established by a state, such as a grievance process, is not alone a violation of due process.[41]

Appellant's claim against Livingston has no basis in law where he concedes that Livingston reported his allegations of an alleged staff assault to the OIG. Appellant's claim that Livingston failed to forward his allegations to OIG is based entirely on his personal belief that "[p]resumably, this did not occur (sic) mainly because no one has contacted Plaintiff about the assault/battery... it is a good change the Director failed at his duty under state law." [C.R. at 227]. However, Appellant stated at the vexatious litigant hearing that the OIG *did* conduct and investigation and allegedly found that Boles assaulted him and used excessive force. [R.R. at 28]. He further stated in his Appellate Brief that he attached a copy of the OIG report of excessive use of force to his motion for rehearing filed in the trial court. Appellant's Brief at 45. This Court should find that Appellant's claim against Livingston has no basis in law where the record demonstrates that he complied with TDCJ policy and state law.

Moreover, Appellant cannot show that Livingston failed to comply with state law requiring him to report staff assaults because the TDCJ investigation concluded that no

---

[40] Tex. Gov't Code § 501.002 (1995) ("If an employee of the department commits an assault on an inmate housed in a facility operated by or under contract with the department, the executive director shall file a complaint with the proper official of the county in which the offense occurred. If an employee is charged with an assault described by this section, an inmate or person who was an inmate at the time of the alleged offense may testify in a prosecution of the offense.").

[41] Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (an alleged violation of a prison regulation without more does not give rise to a constitutional violation); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in having... grievances resolved to his satisfaction," such claims are based "on a legally nonexistent interest").

staff assault occurred. TDCJ conducted an investigation into his allegations of a staff assault. [C.R. at 291-94]. It concluded that there was no evidence of a staff assault because Langley witnessed Appellant self-inflict the injury and his injuries were consist with her eye-witness testimony. [C.R. at 291-300]. Appellant has a history of self-inflicted injuries, for instance he previously made a shank out of a plastic tray and "was forced to slice [his] wrists in order to be taken out of segregation and expose [his] abuse."[42] State law requires Livingston to report staff assaults to the OIG; however, TDCJ investigated the allegations of a staff assault concluded that it did not occur. Accordingly, Appellant cannot pursue a claim against Livingston for failing to comply with a state law requirement to report a staff assault because TDCJ concluded that no staff assault occurred.

## II. The trial court did not abuse its discretion by *sua sponte* quashing Appellant's subpoenas of witnesses to testify at the vexatious litigation hearing when their purported testimony was immaterial to the grounds raised in the vexatious litigant motion. (Appellant's Issue I-II).

Trial courts conducting vexatious litigant hearings may consider "any evidence material to the ground of the motion, including: (1) written or oral evidence; and (2) evidence presented by witnesses or by affidavit."[43]

Appellant cannot show that the witnesses he sought to compel to testify at his vexatious litigant hearing were material to the grounds of the Chapter Eleven motion. Appellee's Chapter Eleven Motion to Dismiss argued that Appellant failed to comply

---

[42] Plaintiff alleged that a group of correctional officers encouraged him to slit his wrists by calling him "weak." McClure v. Foster et al., No. 5:10-cv-00078, Docket No. 28 at 8 (Tex. E.D.--Texarkana, dismissed February 16, 2011). He allegedly slit his wrists in front of them and then "dropped to the floor, sobbing and telling them that they could not just let him bleed, but they walked away." Id. The medical records indicated that Plaintiff had a six-centimeter cut on his wrist which had bled a small amount, and which did not require stitches but could be closed with adhesive. Id. at 17. The mental health counselor noted a "veiled threat of self-harm activity in the future if he does not get his demands met." Id. at 19.

[43] Tex. Civ. Prac. & Rem. Code § 11.053 (1997).

10

with the affidavit of previous filings requirements and that his tort claims against TDCJ were barred by sovereign immunity. [C.R. at 13-176]. Appellant sought to subpoena Langley to "offer direct testimony directly related to the claims of the case and also give testimony that she was placed under duress to lie and cover up for Boles who was the attacker that assaulted McClure."[44] [Supp. C.R. at 34]. He further sought to compel the testimony of Senior Warden Dawn Grounds to testify that the disciplinary case filed by Boles and Langley against McClure was dismissed and that it was filed "in retaliation and collusion to cover up the assault."[45] [Supp. C.R. at 34 and 65]. This purported testimony is immaterial to whether the Texas Tort Claims Act bars his intentional tort claims; consequently, this Court should find that the trial court did not abuse its discretion by quashing the subpoena compelling them to testify.

### III. The trial court did not abuse its discretion in denying Appellant's Motion to Recuse where he offered nothing more than his personal dissatisfaction with the judge's ruling on a motion for continuance. (Appellant's Issues I & IV).

"A judge must recuse in any proceeding in which: (1) the judge's impartiality might reasonably be questioned; (2) the judge has a personal bias or prejudice concerning the subject matter or a party..."[46] The Court applies a reasonable person standard in determining whether a recusal motion should have been granted.[47] The question is whether a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that

---

[44] Appellant has no evidence or personal knowledge that Langley, an individual he sought to add as a Defendant, would appear at the hearing and testify that she violated his constitutional rights and engaged in a conspiracy to cover up an alleged assault.

[45] Appellant can offer no evidence or personal knowledge that Grounds would testify that the disciplinary case was filed in retaliation and in collusion to cover up a staff assault.

[46] Tex. R. Civ. P. 18(b)(1)-(2).

[47] Duffey v. State, 428 S.W.3d 319, 325 (Tex. App.—Texarkana 2014, no pet.) (citing Woodruff v. Wright, 51 S.W.3d 727, 736 (Tex. App.—Texarkana 2001)).

the judge is actually impartial.[48] Accordingly, the need for recusal is triggered only when a judge displays an "attitude or state of mind so resistant to fair and dispassionate inquiry" as to cause a reasonable member of the public to question the objective nature of the judge's rulings.[49] Courts enjoy a "presumption of judicial impartiality" that "is not defeated by the mere assertion of bias based on a trial judge's previous judicial relationship with a defendant."[50] The movant bears the burden of proving that recusal is warranted, and it is a high one.[51] That burden is only satisfied when the movant provides facts demonstrating the presence of bias or partiality "of such a nature and extent as to deny the movant due process of law."[52]

Appellant has not and cannot show that the trial court abused its discretion in denying his motion to recuse where his only evidence of impartiality was the court's ruling on a motion to continue the vexatious litigant hearing. The only argument contained in Appellant's motion to recuse was that the trial court's impartiality could reasonably be questioned and that the judge had a personal bias or prejudice concerning the subject matter or a party because the court granted a motion to continue the vexatious litigant hearing. [Supp. C.R. at 23-31]. On September 28, 2013, the Presiding Regional Judge denied the motion to recuse because it was "based on only legal rulings and conclusions that are facially insufficient to merit a hearing or recusal." [Supp. C.R. at 50]. Similarly, this Court should conclude that the trial court did not abuse its discretion by denying Appellant's motion to recuse where it was solely based on a legal ruling that Appellant disagreed with.

---

[48] Id. (citing Rogers v. Bradley, 909 S.W.2d 872, 881 (Tex. 1995)).
[49] Ex parte Ellis, 275 S.W.3d 109, 117 (Tex. App.—Austin 2008) (quoting Liteky v. U.S., 510 U.S. 540, 557-58 (1994).
[50] Sun Exploration & Prod. Co. v. Jackson, 783 S.W.2d 202, 206 (Tex. 1989).
[51] Id.
[52] Id.

## IV. None of Appellant's claims raised for the first time on appeal have a reasonable basis in law. (Appellant's Issues I-V).

Appellant claims that the trial court abused its discretion and denied him due process by granting Appellee's motion to continue the vexatious litigant hearing and denying his motion for sanctions against Appellee for seeking a continuance. Appellant's Brief at 9-12. The Law Enforcement Defense Divisions travel budget was exhausted during the summer of 2013 and there was a division-wide policy that the attorney's seek continuances on all hearings and avoid travel until the new fiscal year began in September 2013.[53] Appellant's assertion that Appellee misled the trial court is based solely on his personal belief that "McClure knows that the motion was filed to secure a delay [and] not because they don't have any money for gas."[54] Appellant's Brief at 7. Appellant cannot show that the continuance caused any undue delay because the hearing was held five months later and the trial court granted his Motion to Stay the Scheduling Order. [R.R. at 1 & Supp. C.R. at 72]. Accordingly, this Court should find that his claim has no basis in law.

The trial court was entitled to deny, although it did not expressly rule on, Appellant's Motions for Leave to File Amended Petitions because they were a surprise to Appellee. Appellee's Brief at 23. The trial court has the discretion to strike an amended pleading if the party opposing the amendment shows that the amendment was a surprise.[55] Appellant did not send copies of these motions to Appellee. Appellee's Motion for Extension at Exhibit A. Appellant did not include, with one exception, a Certificate of Service attesting that he sent copies of these filings to Appellee. Appellee's

---

[53] See e.g., Ritter v. Abbott, No. D-1-GN-13-003444, 126th Judicial District, Travis County, Texas, dismissed on Appellant's motion, No. 03-14-00233-CV, 2014 Tex. App. LEXIS 7961 (July 24, 2014).

[54] Former Assistant Attorney General Michael Ritter transferred to a different division in September 2013.

[55] Flo Trend Sys. V. All-Mut. Ins., 948 S.W.2d 4, 7 (Tex. App.–Houston [14th Dist] 1997).

13

<u>Motion for Extension</u> at Exhibit A. Appellee has no record of receiving the lone motion seeking to add Livingston as a party that contains a Certificate of Service. <u>Appellee's Motion for Extension</u> at Exhibit A. Finally, Appellant did not apprise the Court or Appellee during the vexatious litigant hearing that he had amended his petition to add claims against Langley, Livingston, and Boles. [See, R.R.]. Indeed, it is clear from the reporter's record of the hearing that undersigned counsel was unaware that an amended petition had been filed. [See, R.R.]. Thus, the trial court would not have abused its discretion by denying Appellant's motions seeking leave to amend his petition because they were a surprise to Appellee.[56]

Appellee's supplemental filing to the Chapter Eleven motion was in response to the trial court's request during the vexatious litigant hearing for a copy of the federal lawsuit Appellant filed involving the same claims (it was not introduced into evidence at the hearing) and in response to the Appellant's claim during the hearing that the Texas Tort Claims Act waived expressly waived immunity claims for assault and battery. [C.R. at 234-53]. Appellee's supplemental filing does not show that the trial court was "hell-bent dismissing McClure's suit." <u>Appellant's Brief</u> at 26.

## PRAYER

Accordingly, Appellee respectfully requests that this Court AFFIRM the trial court's determination that Appellant is a vexatious litigant and dismissing his suit for failure to post security.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

---

[56] Appellant responded to Appellee's Motion for Extension by submitting a letter to one of undersigned counsel's co-worker inviting him to "knock some sense into his dumbass head." [Attachment B].

14

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ JOHNATHAN STONE*
**JOHNATHAN STONE**
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24071779
Johnathan.Stone@texasattorneygeneral.gov

Law Enforcement Defense Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 463-2080
Facsimile: (512) 495-9139

**ATTORNEYS FOR APPELLEE**

**NOTICE OF ELECTRONIC FILING**

I, JOHNATHAN STONE, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a correct copy of the foregoing **Appellee's Brief** in accordance with the electronic case filing system of the Sixth Circuit Court of Appeals, on this the 22nd day of December, 2014.

*/s/ JOHNATHAN STONE*
**JOHNATHAN STONE**
Assistant Attorney General

15

## CERTIFICATE OF SERVICE

I, JOHNATHAN STONE, do hereby certify that a correct copy of the foregoing

**Appellee's Brief** has been served *Via U.S. Mail,* on this the 23rd day of December,

2014, addressed to:

Robert Troy McClure
TDCJ No. 01420457
Alfred Hughes Unit
Route 2, Box 4400
Gatesville, TX 76597
*Pro Se Appellant*

*/s/ JOHNATHAN STONE*
**JOHNATHAN STONE**
Assistant Attorney General

No. 06-14-00026-CV

---

# COURT OF APPEALS
# SIXTH JUDICIAL DISTRICT
# TEXARKANA, TEXAS

---

## ROBERT TROY MCCLURE

*Appellant,*

v.

## THE STATE OF TEXAS *et. al.*,

*Appellees.*

---

On Appeal from No. 12C0711-102 in the
102nd Judicial District Court of Bowie County, Texas

---

## ATTACHMENT A

---

IN THE UNITED STATES DISTRICT COURT
FOR THE ___EASTERN___ DISTRICT OF TEXAS
___TEXARKANA___ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

JUN 27 2011

DAVID J. MALAND, CLERK
BY
DEPUTY_____

ROBERT TROY MCCLURE #1420457
Plaintiff's name and ID Number

TDC Bowie Unit
Place of Confinement

JUN 27 2011

CASE NO: ___511 CV 131___
(Clerk will assign the number)

v.

TYLER W. BOLES
Defendant's name and address

JURY DEMAND

3899 STATE HWY 98 Newboston, TX
Defendant's name and address    75570

official and individual capacitys
Defendant's name and address
(DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ATC 1983 (Rev. 04/06)                    Page 1 of 5

FILING FEE AND IN FORMA PAUPERIS

1.  In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2.  If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3.  28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4.  If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I.  PREVIOUS LAWSUITS:

A.  Have you filed any other lawsuits in the state or federal court relating to imprisonment?     _X_ YES _____ NO

B.  If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1.  Approximate date of filing lawsuit: ___FeB , 2009___

2.  Parties to previous lawsuit:
    Plaintiff(s): ___McClure___

    Defendant(s): ___Warden morales et al___

3.  Court (If federal, name the district; if state, name the county) ___Western___

4.  Docket Number: ___SA - 09 - CV-164___

5.  Name of judge to whom case was assigned: ___Mathy___

6.  Disposition: (Was the case dismissed, appealed, still pending?)
    ___Appealed___

7.  Approximate date of disposition: ___pending___

ATC 1983 (Rev. 04/06)                    Page 2 of 5

PREVIOUS LAW SUITS:

(A)
1) Date filed law suit: ~~Jan 3, 11~~ march 23, 11
2) parties to law suit: mcclure class action
   Plaintiff: —
   Defendant: TDCJ Food Captain, etal
3). Court: Amarillo
4) Docket: 2-11cv-059-J
5) Name of Judge: Dont Know yet.
6) Disposition: pending
7) Date of Disposition N/A

(B)
1) Date filed law suit: march 23, 11
2) parties to law suit:
   Plaintiff: mcclure
   Defendant: Berger, etal
3) Court: Amarillo
4) Docket: 2-11cv-060-J
5) Name of Judge: Dont know yet
6) Disposition: pending
7) date of Disposition N/A

(C)
1) Date filed law suit Jan 3, 19
2) parties to law suit
   Plaintiff: mcclure
   Defendants: ADAMES, etal
3) Court: Amarillo
4) Docket: 2-11-cv-004
5) Name of Judge Dont know
6) Disposition Active
7) Date of Disposition. N/A

(D)
1) Date filed law suit. Jan 3, 10
2) parties to law suit
   Plaintiff: mcclure
   Defendant: Livingston, etal
3) Court: Amarillo
4) Docket: 2-11cv-002-J
5) Name of Judge Dont know
6) Disposition: Active
7) Date of disposition: N/A

(E)
1) Date Filed suit: Jan, 3, 11
2) parties to suit:
   Plaintiff: mcclure
   Defendant: Adams etal
3) Court: Amarillo
4) Docket: 2-11-cv-003-J
5) Name of Judge: Dont know
6) Disposition: Active
7) date of disposition: N/A

(F)
1) Date of Filed suit: march, 11, 11
2) parties to suit:
   Plaintiff: mcclure
   Defendant: Turner, etal
3) Court: Texarkana
4) Docket: 05:10-cv-235
5) Name of Judge: Craven
6) Disposition: recommend dissmissal
7) Date of Disposition.: still pending

(G) 1) Date suit filed: Jun, 2010
2) parties:
   plaintiff: mcclure
   Defendants: TDCJ etal
3) Court: Texarkana
4) Docket: ~~xxxxxx~~ 5:10 cv-79
5) Name Judge: Craven
6) Disposition: dismissed
7) Date of disposition: march 2010

(H) 1) Date suit filed: Jan, 2010
2) parties:
   plaintiff: mcclure
   Defendants: hudson etal
3) Court: texarkana
4) Docket: 5:10-cv-66
5) Name of Judge: Craven
6) Disposition: dismissed, Appealed,
7) Date of disposition: N/A pending

(I) 1) Date suit filed: march, 30, 2010
2) parties
   plaintiff: mcclure
   Defendant: grounds etal
3) Court: WACO
4) Docket: W-10-CA-77
5) Name of Judge: MANSKE
6) Disposition pending Active
7) Date of disposition: pending

(J) 1) Date filed suit: Aug 28, 10
2) parties:
   plaintiff: mcclure
   Defendants: Foster, etal
3) Court: Texarkana,
4) Docket: 5:10-cv-78
5) Name Judge: Craven
6) Disposition: Appealed
7) Date of disposition: pending.

(K) 1) Date filed suit:
2) parties:
   plaintiff:
   Defendants:
3) Court:
4) Docket:
5) Name Judge:
6) Disposition:
7) Date of disposition

**II. PLACE OF PRESENT CONFINEMENT:** Telford unit  T.D.C.J.

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? __✓__ YES ____ NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: Telford unit T.D.C.J. I-D
3899 State hwy 98 New boston, TX 75570

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: TYLER G. BOLES, officer T.D.C.J-ID Telford unit.
3899 State hwy 98 New boston, TX 75570

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

physically assaulted me while handcuffed, broke my nose, swelled my eye shut violated my 1st and 8th amend. U.S. Const.

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

ATC 1983 (Rev. 04/06)        Page 3 of 5

## V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal argument or cite any cases of statutes.  If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On June 4th, 11. Being led back to my AD-seg cell hand cuffed, officer boles deliberately, with evil intent physically assaulted me, while handcuffed. Causing pain and physical injury. My right side of my face swelled to the size of a softball. Swelling my eye shut. Black, blue, yellow bruises. medical treatment was given on the 4th, 6th of June. EYE damage is also present. On June 8th, 11. Took X-rays. X-rays were reviewed by telford unit medical Director, DR. Reginald Stanley. He confirmed my nose is broke. My assault is the result of retaliation for filing previous law suits against telford unit officials. Witnesses are nurse gardner, care provider moreland, officers Cangley, webb, streams, sgt. Thomas, CT. Jordan, grievance investigator mrs. Jordan

## VI.  RELIEF:  State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite not cases or statutes.

Compensatory Damages of $250,000⁰⁰ physical injury
Punitive Damages of $50,000⁰⁰ for mental Anguish
Federal custody, placement in protective custody.

## VII.  GENERAL BACKGROUND INFORMATION:

A.  State, in complete form, all names you have ever used or been known by including any and all aliases:

ROBERT TROY McClure

B.  List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

1420457

## VIII.  SANCTIONS:

A.  Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  X  NO

B.  If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed.  (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (If federal, give district and division): ____ N/A ____

2.  Case Number: ____ N/A ____

3.  Approximate date sanctions were imposed: ____ N/A ____

4.  Have the sanctions been lifted or otherwise satisfied? ____ YES ____ NO

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES ____ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that imposed warning (if federal, give the district and division): _Eastern, Texarkana_

    2. Case number: _I do not have records_

    3. Approximate date warning were imposed: _I cant recall._

Executed on: _June 18/11_
(Date)

_Robert Troy McClure_
(Printed Name)

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this _18_ day of _June_, 20 _11_.
     (Day)         (Month)         (Year)

_Robert Troy McClure_
(Printed Name)

_____
(Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

ROBERT TROY MCCLURE, #1420457 §

VS. § CIVIL ACTION NO. 5:11cv131

TYLER G. BOLES §

## ORDER OF DISMISSAL

Plaintiff Robert Troy McClure, an inmate confined at the Telford Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge Caroline M. Craven, who issued a Report and Recommendation concluding that the Defendant's motion for summary judgment for failure to exhaust administrative remedies should be granted. The Plaintiff has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit. Therefore the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Defendant's motion for summary judgment for failure to exhaust administrative remedies (docket entry #17) is **GRANTED** and the complaint is **DISMISSED** without prejudice. It is further

1

ORDERED that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of November, 2011.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

ROBERT TROY MCCLURE, #1420457          §

VS.                                    §          CIVIL ACTION NO. 5:11cv131

TYLER G. BOLES                         §

## FINAL JUDGMENT

The Court having considered the complaint and rendered its decision by opinion issued this

same date, it is hereby **ORDERED** that the complaint is **DISMISSED** without prejudice.

**SIGNED this 21st day of November, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS

F I L E D

October 26, 2012

Lyle W. Cayce
Clerk

# FOR THE FIFTH CIRCUIT

No. 11-41345
Summary Calendar

D.C. Docket No. 5:11-CV-131

ROBERT TROY MCCLURE,

     Plaintiff - Appellant

v.

TYLER G. BOLES, Officer with Telford Unit,

     Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Texas, Texarkana

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE:

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 11-41345
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

Lyle W. Cayce
Clerk

ROBERT TROY MCCLURE,

Plaintiff-Appellant

v.

TYLER G. BOLES, Officer with Telford Unit,

Defendant-Appellee

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-131

————

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Robert Troy McClure, Texas prisoner # 1420457, appeals the district court's grant of summary judgment in favor of the defendant and the dismissal without prejudice of his 42 U.S.C. § 1983 complaint. McClure also filed a motion for emergency review of his appeal, which this court treats as a motion to expedite his appeal. *See* 5TH CIR. RULE 34.5.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a matter of law." FED. R. CIV. P. 56(a). We review the grant of a motion for summary judgment de novo. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). We read all facts and inferences in a light that is most favorable to the nonmovant. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence. *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

The district court determined that despite the requirements of 42 U.S.C. § 1997e(a), McClure failed to exhaust his administrative remedies before filing his civil rights complaint.  The evidence in the record supports this determination. The dates McClure filed his Steps One and Two are immaterial as to whether he exhausted the prison grievance procedure before he filed suit because he had to complete both steps before he filed suit in order to have exhausted his administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The summary judgment evidence shows that McClure did not do so.

McClure argues that the exhaustion requirement should be excused in his case because (1) his grievance # 2011171487 was an emergency life endangerment grievance but no investigation was conducted within three days, in violation of prison policy and (2) the grievance department interfered with the grievance procedure when the grievance investigator misinformed him that his Step One had been returned to him and ordered him to file his Step Two without his Step One, contrary to prison policy. McClure did not present any evidence in the district court showing that prison policy that required that a grievance labeled an emergency life endangerment grievance must be investigated within three days or that such investigation must include an interview with the grieving prisoner. Regardless of any misinformation or improper order, McClure did not allege or demonstrate below that he relied on this conduct to his detriment and, thus, his estoppel argument is meritless. *See Dillon*, 596 F.3d

2

at 270. As McClure conceded in the district court, his Step One subsequently was returned to him and he filed a Step Two that was processed. The district court did not err in granting summary judgment in favor of the defendants. *See* Rule 56(a).

The district court denied all pending motions when it granted the defendant's motion for summary judgment and dismissed the complaint without prejudice. Because McClure was prohibited from bringing this unexhausted suit, *see* § 1997e(a), he has not shown that he was entitled to proceed with these motions. As this order disposes of McClure's appeal on the merits, his motion to expedite the appeal is DISMISSED AS MOOT. The judgment of the district court is AFFIRMED.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

November 19, 2012

Mr. David Maland
Eastern District of Texas, Texarkana
United States District Court
500 N. State Line Avenue
Room 301
Texarkana, TX 75501-0000

        No. 11-41345,   Robert McClure v. Tyler Boles
                USDC No. 5:11-CV-131

Enclosed, for the district court only, is a copy of the judgment
issued as the mandate and a copy of the court's opinion.

The electronic copy of the record has been recycled.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By:_____
                        James deMontluzin, Deputy Clerk
                        504-310-7679

cc: (letter only)
        Honorable David Folsom
        Mr. Robert T. McClure
        Ms. Rachael Osaze-Ediae

P.S. to Judge Folsom:   A copy of the opinion was sent to your
office via email the day it was filed.

No. 06-14-00026-CV

---

COURT OF APPEALS
SIXTH JUDICIAL DISTRICT
TEXARKANA, TEXAS

---

**ROBERT TROY MCCLURE**

*Appellant,*

v.

**THE STATE OF TEXAS *et. al.*,**

*Appellees.*

---

On Appeal from No. 12C0711-102 in the
102nd Judicial District Court of Bowie County, Texas

---

**ATTACHMENT B**

---

Dec. 3, 14

Dear allen,

what up bad ass? Still kicking ass in court? Any way, I hope you had a good thanksgiving. I am contacting you as a favor. Your co-worker Jonathan Stone is or has rather lied to the 6th court of Appeals. (Ask about this motion for extension of time) he claims I did not disclose numerous motions, filing's to you. By which is not true. He is only doing this in attempt to establish a defense in the Appeal for his lack of objections over pleadings. I can see it a mile away, you and I spent two days in court you know I wont miss these falsehoods. I can also prove I provided all copies of pleadings. So may be you could knock some sense into his dumb A** head. Any way, by the way I ended up finally obtaining my criminal rewrds. I redid my habeas and ended up with 33 indepent grounds all reversible error. It has been 4 months in court, with court criminal Appeals. If you are curious you should look it up. you might be shocked Allen that I really am in prison under a wrongful conviction. Regards

Robert mcclure

Dec 3, 14

Dear Karen O. matlock,

Hello ma'am because you are the assistant attorney general chief, law enforcement Defense Division. I am as a favor brining to your attention of misconduct by attorney Jonathan Stone who presumably, your the supervisor.

On November 19, 14 mr. Stone filed a "extension of time" in cause no. 06-14-000-26-cv with the 6th court of appeals of Texas. Styled Robert mcclure vs state of Texas et al,.

In this motion mr. Stone has made falsehoods by claiming that (he) has not reviewed numerous pleadings, motions in that he refer's this as my fault accusing me of not providing copies of these pleadings.

Now, I can see mr. Stones future legal argument in the appeal. And he will be attempting to bring a baseless argument of me not providing pleadings. mr. Stone has already slandered me in court, presented false facts and has admitted <u>inadvertenly</u> that he had Exparte communications with the trial judge by which I am addressing in my Appeal brief.

C.C. 1 of 2                    pg 1 of

The reason for this letter is for you to prevent mr. Stine in opening the door to sanctions, more civil action that would cause this office to be held accountable.

I can tell you that if you ask Allen Cook about me in my abilities to conduct my self well in court or the fact that I may be in prison I am no drug addict or stupid.

At present I am drafting a motion to show cause to be filed in court due to the fact that mr. Stone claimed he filed a affidavit with his motion for extension. However, I did not receive a copy of any affidavit. Therefore, it is reasonable to believe he did not file one due to the fact that he is lying. I understand your position. But perhaps you would review my Appeal brief you can see how Stone deliberately violates ethics and boardline, now attempting to lie to 3 Justices of a court.

Simply goes beyond the pale. If Stone at all try's to Argue he did not receive any pleadings I will prove him to be a liar. I do have documentary proof of such. I Appreciate your time.

Regards
Robert mcclure
#1420457

C.C. lot                                    pg 2 of 2